## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| Christopher Jordan Terry, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:    2:22-cv-2312-MSN-jay |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

---

## REPORT AND RECOMMENDATION

---

On May 18, 2022, *pro se* Plaintiff, Christopher Jordan Terry, filed his Social Security Complaint against the Commissioner of Social Security, accompanied by a motion to proceed *in forma pauperis*. (D.E. 1-2). The Court granted Plaintiff leave to proceed *in forma pauperis* (D.E. 6). This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Palmer sought and received *in forma pauperis* status. "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the court must dismiss the case at any time if, among other things, the court finds that the action or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Magistrate Judge finds that Plaintiff has failed to state a claim on which relief may be granted and recommends that Plaintiff be given leave to amend his Complaint to correct the deficiencies therein.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The United States District Court for the Southern District of New York explained the interplay between the various subparts of Rule 8 of the Federal Rules of Civil Procedure.

> Fed.R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(d)(1) requires that each allegation be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) requires that the plaintiff must show "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." "Factual allegations must be enough to raise a right to relief above the speculative level[.]" "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit."

*Morales v. New York*, 22 F. Supp.3d 256, 266 (S.D.N.Y. 2014) (internal citations omitted). The Sixth Circuit Court of Appeals and district courts within this circuit have also recognized and enforced compliance with the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ellis v. Eckankar Intern. Office*, 803 F.2d 719 (Table), 1986 WL 17775 (6th Cir. 1986) (affirming district courts dismissal of a pro se complaint that was rambling and failed to provide "fair notice of what the plaintiff's claim [was] and the ground upon which it rest[ed]"); *Mitchell v. City of Nashville*, No. 3:08-cv-0844, 2008 WL 4646169 at *1-2 (M.D. Tenn. Oct. 20, 2008) (adopting a Magistrate Judge's recommendation of dismissal of a three page pro se complaint containing "disjointed, often repetitive, sometimes obscene, fragmented, largely unintelligible ramblings"); *Harris v. U.S. Marshals Service*, No. 6:15-CV-99-KCC, 2015 WL 3893058 at *2 (E.D. Kent. June 24, 2015) (holding that the Plaintiff's "rambling, indecipherable, and disjointed" filings warranted dismissal of his habeas petition); *Green v. William*, No. 1:17-cv-266-PLR-SKL, 2017 WL 6892910 at *2 (E.D. Tenn. Dec. 15, 2017); *Lewis v. North American Specialty Ins. Co.*, No. 2:09-cv-179, 2009 WL 1586210 at *1-3 (S.D. Ohio June 5, 2009).

Finally, while *pro se* complaints are held to less stringent standards and liberally construed, *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251 at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply

with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original). When considering a pro se complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint.)

Here, Plaintiff alleges to have exhausted his administrative remedies before pursuing this social security appeal, but it is not entirely clear. Most of the dates on the Complaint are blank or incomplete, and Plaintiff has failed to attach a copy of the decision of the Appeals Council despite the clear instruction to do so. Accordingly, the Magistrate Judge recommends that the Court grant Plaintiff leave to amend his Complaint to include complete dates and to attach copies of the documents from the Appeals Council and any other documentation showing that Plaintiff has exhausted his administrative remedies.

Respectfully Submitted this 25th day of August, 2022.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**