IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHRISTOPHER JORDAN TERRY,

    Plaintiff,

v.                                                                           Case No. 2:22-cv-2312-MSN-jay

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND
### ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

---

Before the Court is Magistrate Judge York's Report and Recommendation entered August 25, 2022 (ECF No. 7, "Report"). The Report finds that Plaintiff has failed to state a claim on which relief may be granted and recommends that Plaintiff be given leave to amend his Complaint to correct its deficiencies. (*See id.* at PageID 15, 18.) The time for filing objections to the Report has passed, and no objections have been filed. For the reasons set forth below, Report is **ADOPTED**, and Plaintiff is granted leave to amend his Complaint within 28 days of the date of this Order.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

The Report finds that, although Plaintiff alleges he exhausted his administrative remedies, the record is incomplete because most of the dates in the Complaint are blank and Plaintiff has failed to attach a copy of the Appeals Counsel's decision despite clear instruction to do so. (ECF No. 7 at PageID 18.) The Report then concludes by recommending Plaintiff be granted leave to amend his Complaint to include complete dates and to attach copies of the documents from the Appeals Counsel and any other documentation supporting that Plaintiff has exhausted his administrative remedies. (*See id.*)

For cases subject to screening under 28 U.S.C. § 1915(e)(2)(B), the district court may grant the plaintiff leave to amend his complaint to avoid *sua sponte* dismissal. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

The Magistrate Judge issued his Report on August 25, 2022. (ECF No. 7.) To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report. Plaintiff is granted leave to amend his Complaint to include complete dates and to attach copies of the documents from the Appeals Council and any other documentation showing that Plaintiff has exhausted his administrative remedies **within twenty-eight (28) days of the date of this Order**.

*Plaintiff is warned that failure to amend his Complaint and submit the necessary documents may result in dismissal of his case without further notice or hearing.*

## CONCLUSION

For the reasons set forth above, the Report is **ADOPTED**. Plaintiff is granted leave to amend his Complaint **within twenty-eight (28) days of the date of this Order**.

**IT IS SO ORDERED**, this 19th day of September, 2022.

                                           *s/ Mark S. Norris*
                                           MARK S. NORRIS
                                           UNITED STATES DISTRICT JUDGE