IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHRISTOPHER JORDAN TERRY,

    Plaintiff,

v.                                                           Case No. 2:22-cv-2312-MSN-jay

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND
### ORDER DISMISSING CASE

---

Before the Court is Magistrate Judge York's Report and Recommendation entered November 21, 2022 (ECF No. 9, "Report"). As set forth in the Report, this Court previously granted Plaintiff leave to amend his Complaint to correct decencies therein, including complete dates, copies of documents from the Appeals Counsel, and any other documentation showing that Plaintiff exhausted his administrative remedies. (*See* ECF No. 8.) That Order was entered September 19, 2022, and it directed Plaintiff to file an amended complaint within 28 days of the date of that Order. (*See id.*) Further, Plaintiff was warned that failure to amend his Complaint and submit the necessary documents may result in dismissal of his case without further notice or hearing. (*See id.* at PageID 25.)

As set forth in the Report, the time for amendment has expired, and Plaintiff has failed to comply with the Court's order. (*See* ECF No. 9.) The Report therefore recommends dismissal of this case. (*See id.*) For the reasons set forth below, Report is **ADOPTED**, and this matter is hereby **DISMISSED** without prejudice.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of*

*Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

The Magistrate Judge issued his Report on November 21, 2022. (ECF No. 9.) The Report warned that objections were due within 14 days and failure to object may constitute a waiver of objections, exceptions, and any further appeal. (*See id.* at PageID 28.) To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report, and this matter is **DISMISSED** without prejudice.

## CONCLUSION

For the reasons set forth above, the Report is **ADOPTED**, and this matter is **DISMISSED** without prejudice.

**IT IS SO ORDERED**, this 9th day of December, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE